(103 App. Div. 231.)

### KELLENBERGER v. MEISNER et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. VENDOR AND PURCHASER—FRAUDULENT REPRESENTATIONS—VENDOR'S REMEDY—COMPLAINT.

Where plaintiff was induced to convey land to defendant in consideration of cash and the conveyance of other land to plaintiff, and the value of the land conveyed to plaintiff was less than the value fraudulently represented by defendant's agent, plaintiff might rescind the contract for the fraud, tendering what she had obtained, and demand a reconveyance, or bring an action for damages; but she could not affirm the contract and compel defendant to pay in cash the amount that the agent represented the property conveyed to plaintiff to be worth.

2. SAME—ACTION BY VENDOR—ANSWER—SEPARATE DEFENSE.

Where, in a suit by a vendor against the vendee, the relief asked was that the property conveyed by plaintiff should be impressed with a lien in favor of plaintiff, an allegation of the answer that defendant was no longer the owner of the property amounted to matter in answer to the complaint, and not to a separate defense.

Appeal from Special Term, New York County.

Action by Frieda Kellenberger against Frumed Meisner and others. From a judgment sustaining a demurrer to an allegation in the answer demurred to as a separate defense, defendant Meisner appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry L. Franklin, for appellant.
Jay C. Guggenheimer, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff and the defendant Forst were the owners of certain real property in the city of New York; that the defendant Lederer, as the agent of the defendant Meisner, made certain false and fraudulent representations to

induce the plaintiff and the defendant Forst to convey the premises to the defendant Meisner; that, relying upon said false and fraudulent representations, the plaintiff and defendant Forst conveyed the premises in question to the defendant Meisner. The defendant Meisner answered by admitting the conveyance of the premises as described in the complaint, denying the other allegations of the complaint, and, further answering, alleged that she is not now the owner of. the premises known as No. 225 West.143d street, in the city of New York. It is to this last allegation of fact that the plaintiff demurred as a separate defense upon the ground that it "does not contain facts sufficient to constitute a defense to the cause of action set forth in the plaintiff's complaint." The defendant, to defeat the demurrer, attacks the sufficiency of the complaint. The action is not to recover the damages sustained by the plaintiff and the defendant Forst for the fraud and deceit practiced upon them. Nor does the plaintiff in any express terms allege that the fraud and deceit alleged caused the plaintiff damage. She alleges that she and the defendant Forst were induced to convey their property to the defendant Meisner for the sum of $28,400, to be paid for by his taking the premises subject to two mortgages for $20,500; $4,000 to be paid in cash, and $3,900 by the transfers and conveyance by the defendant Meisner to the plaintiff and the defendant Forst of three lots in the town of Woodbridge, in the state of New Jersey. She does not seek to rescind this transaction and to require the defendant Meisner to reconvey the property to the grantees, they offering to reconvey the New Jersey property, ·and to return the $4,000 in cash. ' What she wants to do is to affirm the sale, to retain the cash that she got out of the transaction, to compel the defendant Meisner to pay in cash the amount that his agent represented the New Jersey property to be worth, and to impress a lien upon the property that she conveyed for that amount. I know of no principle by which this result can be accomplished. If the plaintiff was induced to make this conveyance by fraud, she had a right, upon discovering the fraud, to rescind the contract, tender. back what she had obtained, and demand a reconveyance of the property that she had conveyed; or she could sue those guilty of the fraud for the damages that she sustained. But she could not affirm the contract, and hold on to the advantage that she obtained, and compel the defendant· Meisner to repurchase the property that was conveyed to the plaintiff and her associate at the price that the defendant's agent had represented that it was worth. I think, therefore, that the complaint does not state a good cause of action.

Nor ·do I think this allegation of fact which is demurred to as a separate defense is a separate defense to which a demurrer will lie. The plaintiff asks for certain equitable relief. As a basis for that relief the complaint alleged that certain property had been conveyed to the answering defendant, and from that allegation a presumption would arise ·that this answering defendant was still the owner of the property. The relief asked for is that the property that had been conveyed by the plaintiff to the answering defendant should be impressed with a lien in favor of the plaintiff. A court of equity would not impress a piece of property with a lien in favor of the plaintiff if the owner

of the property and the person in whom the title had vested was not a party to the action and before the court; and this allegation that the defendant is not now the owner of the property was in the nature of an answer to the presumption which would arise from the allegation that the property had been conveyed to the answering defendant. I think, therefore, that for the reason that the complaint does not state a good cause of action, and also for the reason that the clause demurred to is not a separate defense, but matter in answer to the allegations of the complaint, the demurrer should have been overruled.

It follows that the interlocutory judgment appealed from must be reversed, with costs, and the demurrer overruled, with costs, with leave to the plaintiff to withdraw the demurrer upon payment of costs in this court and in the court below. All concur.

---

(103 App. Div. 310.)

GERMAN-AMERICAN INS. CO. v. NEW YORK GAS & ELECTRIC LIGHT, HEAT & POWER CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. ELECTRICITY—WIRING BUILDINGS—NEGLIGENCE—FIRES.

In an action against an electric company for loss by fire, evidence *held* to require submission to the jury of the questions whether the fire was communicated by defendant's electric wires, and whether defendant was guilty of negligence in wiring the building.

2. SAME—EVIDENCE—EXPERTS.

In an action against an electric company for destruction of property by fire alleged to have been communicated by defendants' electric wires, charged to have been negligently constructed, a hypothetical question asked of an expert, assuming facts proved with reference to the construction in question, and asking for his opinion as to whether that was good construction, was properly allowed.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2369–2374.]

3. SAME—PUBLIC REGULATIONS—COMPLIANCE.

In an action against an electric company for the destruction of property by fire alleged to have been communicated by electric wires improperly attached to a building, unverified certificates showing that the work was in compliance with the regulations of the various city departments and of the board of fire underwriters were inadmissible.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.